## JACOB BENZLER v. JOHN W. FERGUSON COMPANY.

Submitted June 4, 1908—Decided February 23, 1909.

A master who has furnished safe tools and appliances for the doing of a particular work is not responsible for injury to his servant resulting from the use of a defective or insufficient appliance selected by and used under the direction of the immediate foreman of the injured servant.

On rule to show cause.

Before Justices GARRISON, SWAYZE and PARKER.

For the plaintiff, *Michael Dunn.*

For the defendant, *Sherrerd Depue.*

The opinion of the court was delivered by

PARKER, J.    The plaintiff while in the employ of the defendant as a stone mason was injured by a large block of stone falling on his foot, and in this action recovered a verdict of $1,500 for the injury, and the matter has been argued on rule to show cause why a new trial should not be had.    A number of reasons are assigned but one will suffice.    It appears that the stone which caused the injury, weighing from one thousand to one thousand five hundred pounds, was suspended from a derrick and had been swung over a trench where plaintiff was working, for the purpose of being lowered into place, when it slipped from the tackle by which it hung and fell on plaintiff's foot.    The plaintiff claims that the defendant company, his employer, was negligent in failing to use due care in supplying a reasonably safe appliance to suspend the block of stone.    The appliance in question was what is known as a stone hoist, consisting of a loop of rope on which were strung two large stone hooks having eyes through which the rope ran, and the points facing each other; so that when the hooks were applied to opposite ends of a block of stone and strain put on the loop of rope, the hooks would be drawn together and grip the stone tightly enough to raise and hold it in the air.    One complaint was that "dog holes" should have been drilled or cut in the stone for the points of the hooks to engage in.    This omission, however, if it was negligent, was clearly the fault of a fellow servant for which the master was not responsible.    The principal complaint was that the points of the hooks turned outward instead of inward, or, as one witness put it, bent backward so as to bring a

curve instead of a point into contact with the stone, and thereby permitted it to slip and fall. This somewhat extraordinary claim was evidently entertained by the jury as a basis of recovery.

Without going into the question of weight of evidence on this point, we think it was satisfactorily made out that however imperfect the hooks in use may have been, the master had supplied and placed at the service of the foreman who selected them, perfectly safe and adequate hooks and rope for this very purpose. These appliances were at the storehouse in Paterson where the foreman procured what he needed; so that if he negligently selected insufficient ones, it was the negligence of a fellow servant for which the master is not responsible. The foreman was in no sense the representative of the matter in furnishing the hooks and tackle, as in *Steamship Co.* v. *Ingebregsten, 28 Vroom* 400; but was a co-worker with the plaintiff, and the choice of appliances was incidental to the work.

The judge charged the jury that if safe and proper tools and appliances are supplied by the master, he is not liable for any injury which his servant received by using, under the direction of the foreman over such servant, a hook or appliance not furnished or adapted safely to do the work.

In our judgment the clear weight of evidence indicates that the master did supply such safe and proper tools and appliances, and its duty was thereby discharged. On this account a verdict for the plaintiff was not justified.

The rule to show cause will be made absolute.